UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAL JEAN,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-08027-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On September 29, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release (Doc. No. 2.) On October 6, 2026, respondents filed a notice of related cases and the court related and reassigned this case to the undersigned on October 7, 2026. (Doc. Nos. 8, 10.)

Also on October 6, 2026, respondents filed a response to petitioner's *habeas* petition, in which they request that the court rule on the petition in its entirety based on the briefing presently before it. (Doc. No. 9.) Therein, respondents argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) and that *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) does not control because petitioner was previously paroled into the United States. (*Id.* at 1–2.)

Respondents provide evidence that petitioner was paroled into the United States on July 6, 2023. (*Id.* at 11.) Petitioner was re-detained on July 15, 2026, apparently without notice of the reason for his re-detention or an opportunity to contest that re-detention. (*Id.* at 8.) Following his re-detention, petitioner requested a custody redetermination hearing before an immigration judge ("IJ"), and on September 17, 2026, an IJ denied petitioner's request finding that the immigration court lacked jurisdiction. (*Id.* at 18–20.)

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Josial Jean, A-File No. 241-681-043, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on July 15, 2026;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE